**Yi Yuan YANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72958.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 19, 2005.

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

HI–District Counsel, Office of the District Counsel, Department of Homeland Security, Honolulu, HI, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Donald A. Couvillon, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Yi Yuan Yang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's denial of his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

The BIA's adverse credibility determination was based on inconsistencies between Yang's testimony and a letter writ-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ten by Yang's wife regarding an encounter with Chinese officials. Because these inconsistencies go to the heart of Yang's asylum claim, substantial evidence supports the BIA's adverse credibility finding. *See id.* at 1043 (explaining that one material inconsistency can be sufficient to support an adverse credibility determination.)

Even if Yang testified credibly, the record supports the BIA's conclusion that Yang did not suffer from past persecution based upon the imposition of a fine and the destruction of his home. *See Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995) ("persecution is an extreme concept that does not include every sort of treatment our society regards as offensive") (internal quotation and citation omitted). We do not consider Yang's contention that he was persecuted on account of political opinion due to the deliberate imposition of substantial economic disadvantage, because Yang did not raise this argument before the BIA. *See Zara v. Ashcroft,* 383 F.3d 927, 930 (9th Cir.2004). Additionally, the record does not support Yang's contention that the translator was incompetent. *See Hartooni v. INS,* 21 F.3d 336, 340 (9th Cir.1994).

The record also supports the BIA's conclusion that, even if Yang testified credibly, he did not show a well-founded fear of future persecution. Yang testified that he did not have a date scheduled for a sterilization procedure, and the government never told him he would be sterilized. Accordingly, Yang failed to show an objective basis for his belief that he would be sterilized. *See Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003).

Because Yang failed to prove eligibility for asylum, he necessarily failed to meet the more stringent standard for withhold-

ing of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

PETITION FOR REVIEW DENIED.